CATHERINE J. HILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 28683-87
United States Tax Court
T.C. Memo 1989-416; 1989 Tax Ct. Memo LEXIS 414; 57 T.C.M. (CCH) 1250; T.C.M. (RIA) 89416; August 14, 1989
Catherine J. Hill, pro se. Susan Herganhan, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined the following deficiency in income tax and additions to tax: Taxable
Additions to Tax
Year
Deficiency
6651(a)(1) [1]
6653(a)(1)
6653(a)(2)
6661
6654
1982
$ 9,835.00
$ 2,458.75
$ 491.75 *
$2,458.75
$ 957.31
This case is before us on respondent's Post-Trial Motion for Entry of Decision and respondent's Motion for Assessment of Damages Under Section 6673. *415 The issues for decision are whether the petitioner is to be held to a settlement agreed to on the record and whether damages under setion 6673 should be assessed. Petitioner Catherine J. Hill resided in Long Beach, California, at the time the petition was filed in this case. When the case was called for trial petitioner acknowledged income in the amount of $ 37,430 in wages and $ 11 in interest for the taxable year in question. In the interest of a just, speedy, and inexpensive settlement respondent agreed to treat petitioner as a single taxpayer with two personal exemptions. Respondent agreed to reduce the deficiency and additions to tax accordingly. Petitioner agreed to the redetermination of deficiency and additions. The parties further agreed to entry of decision as follows. Respondent was to deliver decision documents to petitioner on May 10, 1989. Petitioner agreed that upon delivery she would sign the documents and return them to respondent the same day. Respondent was to file the stipulated decision with the Court on May 15 or 16, 1989. The Court took great pains to ensure petitioner understood the agreement reached and how it would effect the disposition of *416 her case. Petitioner understood her obligation under the agreement and the time frame involved for entry of decision. The Court ordered the parties to proceed according to the settlement stipulated to on the record. Respondent delivered to petitioner a decision document reflecting the agreed upon adjustments. The decision document has not been returned to respondent, nor has it been submitted to the Court. Because of petitioner's failure to abide by the agreed upon settlement, respondent brought the subject Motion for Entry of Decision. Rule 91(e) provides that a stipulation shall be treated as a conclusive admission by the parties to the stipulation. The Court will not permit a party to contradict a stipulation except where justice requires. Rule 91(e). Concessions in open Court are equivalent to stipulations. , affd. . Petitioner has shown no reasons why justice would be served by releasing her from the stipulation. Accordingly, we hold that petitioner is bound by the stipulation. Respondent also moved for damages under section 6673. *417 Section 6673 provides that this court can award damages whenever it appears that the taxpayer's position is frivolous or groundless. Petitioner has responded to the Post Trial Motion for Entry of Decision with a Motion to Dismiss. The arguments raised by petitioner in her pleadings, at trial, and in her Motion to Dismiss are frivolous and groundless as were the reasons for her refusal to execute the decision documents. Although not the petitioner in this case, it was apparent from the trial that Mr. Hill (petitioner's husband) was the impetus of the frivolous arguments presented at trial and in the pleadings. We considered this a mitigating factor when deciding the amount of damages under section 6673. Accordingly, we grant respondent's motion pursuant to section 6673 for damages in the amount of $ 2,000. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. * 50% of the interest due on $ 9,835.00.↩